[L. A. No. 1787.   In Bank.—July 30, 1907.] .

BROOKSHIRE OIL COMPANY, Respondent, v. CAS-
MALIA RANCH OIL AND DEVELOPMENT COM-
PANY, Appellant, and C. C. MOREHOUSE et al.,
Defendants.

INJUNCTION—DESTRUCTION OF OIL PIPE-LINE—TEMPORARY INJUNCTION.
—The owner of a pipe-line for the transportation of oil, a part
of which crosses a tract of land through which he claims an ease-
ment for his pipes, is entitled to a temporary injunction *pendente
lite* to restrain a defendant who had torn up the pipe from such
land and rendered the line useless from interfering with the relaying
and re-establishment of the pipe-line. And the fact that the defend-
ant by his answer sets up the right to the possession of the land by
a paramount title will not of itself warrant the dissolution of the
temporary injunction, when it appears that, even if the defendant
should finally prevail, the continuance of the use of the pipe-line
*pendente lite* would not materially interfere with the defendant's
use of the land.

APPEAL from an order of the Superior Court of Santa
Barbara County refusing to dissolve a temporary injunction.
J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

W. H. Chapman, and Henley C. Booth, for Appellant.

Richards & Carrier, and McD. R. Venable, for Respondent.

McFARLAND, J.—This is an appeal by the defendant the
Casmalia Ranch Oil and Development Company from an order
of the superior court denying said defendant's motion to dis-
solve a temporary injunction. The injunction was issued upon
the complaint in the action, and the motion to dissolve was
based entirely upon the complaint and the answer of defendant
filed to the complaint. No showing was made on the motion
other than what appeared on the face of the said pleadings.

It is averred in the complaint, which was filed March 2,
1905, that on February 24, 1905, and for more than thirty
days prior thereto, plaintiff was the owner and in the peace-
able possession of an easement and privilege granted to it by
the owner of certain lands subject to said easement "to con-
struct and maintain a pipe-line for the conduct of oil" from

CLI Cal.—37

certain oil lands in the vicinity owned by plaintiff, across the said lands subject to said easement to a certain station on the Southern Pacific Railroad; and being in the peaceable possession of said easement and privilege, the plaintiff prior to February 24, 1905, had constructed a line of oil-pipes four inches in diameter across the said lands; that on said February 24, 1905, in the absence of plaintiff and its officers and agents, the defendants wrongfully, maliciously, and without any right whatever, tore up about four thousand feet of said pipe, and mutilated and rendered the same useless; and that by reason of said acts plaintiff suffered actual damage on account of pipe destroyed in the sum of twenty-five hundred dollars, and damage by loss incident to the prevention of the conduct of oil from the oil lands of plaintiff to said railroad station in the sum of five thousand dollars. It is also expressly averred that in doing these acts defendants were guilty of oppression and malice, and that they did said acts with intent to wantonly, oppressively, etc., prevent plaintiff in the exercise of his said easement, and that plaintiff was entitled to receive as vindictive damages the further sum of ten thousand dollars. It is also averred that defendants threaten to, and will if not restrained by the court, prevent plaintiff by force from relaying and re-establishing its said pipe-line and easement during the pendency of this action. That said line is essential to the continuance of the marketing of the oil products from plaintiff's land which are constantly being produced from wells thereon, and that the damage to plaintiff from said wrongful acts will be irreparable. The prayer is for damages in the sum of seventeen thousand five hundred dollars, and for a final injunction restraining defendants from continuing said unlawful acts, and for a temporary injunction during the pendency of the action. Upon this complaint, duly verified, the court granted the preliminary injunction enjoining defendants from preventing or in any way interfering with the construction and maintenance of said pipe-line, and from removing any part of the same until further order in the premises.

In the answer the ownership and possession of the alleged easement is denied; and it is also denied that defendants "wantonly, maliciously and oppressively" tore up the oil-pipe as alleged in the complaint, but it is not denied, and is admitted,

that defendant did actually tear up said pipe, etc., and it is not denied that defendants will prevent plaintiff from relaying said line. There are also denials of the amount and the irreparable nature of the damages suffered, and of some other of the averments of the complaint. It is also averred—and appellant relies greatly on this averment—that on November 25, 1897, George B. Arellanes was the owner in fee of a certain tract of land, which may be called for brevity the Juan Arellanes rancho; that this is the land which plaintiff claims to be subject to its alleged pipe-line easement; that on said November 25, 1899, Arellanes, as party of the first part, executed to C. C. Morehouse and others, as parties of the second part, a certain written instrument, of which a copy is attached to the answer, marked "Exhibit A"; that this instrument was duly acknowledged and was, on December 2, 1899, duly recorded in book 2 of leases in the office of the recorder of Santa Barbara County, in which county said land is situated, and has ever since remained a record in said office; and that afterwards, on December 2, 1899, the said Morehouse and others, parties of the second part to said instrument, by a written instrument executed, acknowledged, and duly recorded, assigned to defendants herein, the said Casmalia company, all the right, title, and interest which said Morehouse and others had by virtue of said instrument of February 25, 1899, which is called a "lease."

It is contended by appellant that said instrument of February 25, 1899, vested the lessees therein named with full possession of all the surface of the Arellanes rancho, so that neither the lessor nor any other person could enter upon any part thereof without the consent of the said lessees, except as trespassers; and that therefore the plaintiff herein could not subsequently to the execution of said lease acquire the easement asserted in the complaint or any right of privilege whatever in said land adverse to appellant. Respondent contends that this lease, on its face, gives to the lessees only the right for a term of years to produce petroleum and other hydrocarbon substances from said land, and to drill and operate oil and gas wells thereon, and to use such part of the land, and to lay and operate such pipe-lines, etc., and to have such rights of way, as should be necessary to carry on said business of producing oil, etc., from said land; but did not give

said lessees any possession of any part of said land not used by them in said business. We need not, however, examine into this matter, because it goes only to the question of title which is to be determined on the final decision of the case on its merits, and not to the propriety of the refusal of the court to dissolve the temporary injunction. The verified averments of the complaint show a clear case for the equitable interposition of the court by a preliminary injunction; the answer does not in any way change the basis upon which rested the equitable considerations which led the court to grant the injunction. The answer merely raises the issue of the ultimate title and property rights of the parties in the premises involved in the action; it does not deny the facts upon which the equitable right to an injunction pending the determination of the issue of title rested; it does not show that plaintiff, if it should finally prevail in the action, would not be irreparably damaged by the acts of appellant which are temporarily enjoined. A court will sometimes hesitate to grant a preliminary injunction, even upon a strong showing of the plaintiff, when it appears that the injunction may seriously injure or disturb the use of the property or possession of the defendant; but there is no consideration of that kind in the case at bar. It nowhere appears that, even if appellant should finally prevail, the continuance by plaintiff of the use of the pipe-line during the pendency of the action would be of any serious detriment to appellant, or would in any material way interfere with the exercise of whatever rights in the premises appellant has by virtue of said lease, or that it obstructs appellant in anything it has done, or has to do, in carrying out its right of prospecting for and taking oil, etc., from said land. On the other hand, if respondent should finally prevail, it is apparent that in the absence of the preliminary injunction it would have unjustly suffered great and irreparable damages. We think that the case presents an exceedingly proper one for the employment of the aid of a preliminary injunction, and that no reason appears for disturbing the ruling of the court in refusing to dissolve it.

The order appealed from is affirmed.

Shaw, J., Lorigan, J., Angellotti. J., Sloss, J., and Henshaw, J., concurred.